**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 30, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-60533

MACKIE CRAWFORD VANDIVER;
NORMA VANDIVER,

Plaintiffs-Appellants,

versus

THE OHIO RIVER COMPANY, LLC;
MIDLAND ENTERPRISES, INC.;
MIDLAND ENTERPRISES, LLC;
PORT ALLEN MARINE SERVICE, INC.,

Defendants-Appellees.

MACKIE CRAWFORD VANDIVER;
NORMA VANDIVER,

Plaintiffs-Appellants,

versus

THE OHIO RIVER COMPANY, LLC;
MIDLAND ENTERPRISES, INC.;
MIDLAND ENTERPRISES, LLC,

Defendants-Appellees.

MACKIE CRAWFORD VANDIVER;
NORMA VANDIVER,

Plaintiffs-Appellants,

versus

OHIO RIVER COMPANY, LLC; ET AL.,

Defendants,

OHIO RIVER COMPANY, LLC;
MIDLAND ENTERPRISES, INC.;
MIDLAND ENTERPRISES, LLC;
PORT ALLEN MARINE SERVICE, INC.,

Defendants-Appellees.

---

Appeals from the United States District Court
for the Northern District of Mississippi

(03-CV-78)

---

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mackie and Norma Vandiver (collectively, "the Vandivers") appeal from the district court's

grant of summary judgment to the defendants in their negligence and products liability suit. Mackie

Vandiver ("Mr. Vandiver"), then an employee of Yellow Creek Inland Port Authority, was injured

when the lid of the barge on which he was standing became disconnected from another lid, causing

---

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

him to fall fourteen feet. The Vandivers filed a diversity suit against Ohio River Co., the manufacturer of the barge, and its corporate affiliates (collectively, "Ohio River Co. ") alleging both negligence and products liability theories of recovery. They asserted that the lids on the barge separated because the latches that connected them were in need of repair or were damaged; that the mechanism for opening and closing the latches was defective and unreasonably dangerous; and that the manufacturers were liable based on their failure to warn.

Ohio River Co. moved for summary judgment. In response, the Vandivers offered the testimony of two experts: Dr. Sparks, a mechanical engineer, who opined that the latches failed and that the barge was defectively designed and unreasonably dangerous; and Dr. Fisk, a human factors expert, who opined that the barge was unreasonably dangerous and that an adequate warning would have prevented the accident. The district court granted Ohio River Co.'s motion for summary judgment. The Vandivers then filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), arguing that the district court's order did not adequately address the issues of design defect and failure to warn. In its May 23, 2005, Order, the court clarified its original decision and denied the motion.

On appeal, the Vandivers argue that the district court erred in excluding the testimony of their experts and in concluding that they failed to produce any evidence that the injuries were caused by any flaw or defect in the latches. We review a district court's determination of admissibility of expert evidence under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), for abuse of discretion. *Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 583 (5th Cir. 2004) (citing *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243 (5th Cir. 2002)). In its role as a gatekeeper, the district court "must make a preliminary assessment of whether the reasoning or methodology

3

underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* at 583-84 (internal quotations omitted) (quoting *Daubert*, 509 U.S. at 592-93). "Because a district court has broad discretion in deciding the admissibility *vel non* of expert testimony, we will not find error unless the ruling is *manifestly erroneous*." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (citing *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141-42 (1997)).

Dr. Sparks concluded that the barge was defectively designed because, inter alia, the latches were placed on top of the lids rather than on the sides. Dr. Sparks, however, had not tested his proposed alternative design in order to determine whether, to a reasonable probability, it "would have . . . prevented the harm without impairing the utility, usefulness, practicality or desirability of the product to users or consumers," as is required under Mississippi law. *3M Co. v. Johnson*, 895 So.2d 151, 165 (Miss. 2005) (quoting Miss. Code Ann. § 11-1-63(f)). Dr. Sparks also opined that the latching mechanisms failed; however, Dr. Sparks based his conclusions in part on observations of the barge almost four years after the accident, and the Vandivers failed to show that the barge was in substantially the same condition. *See Williams v. Briggs Co.*, 62 F.3d 703, 707 (5th Cir. 1995) (affirming district court's exclusion of tests conducted by an expert where the tests were conducted two years after the incident and the plaintiff "did not sustain her burden of demonstrating that, at the time of the test, the [product] was in substantially the same condition as at the time of the accident"). Therefore, Dr. Sparks's opinions as to whether the barge was defectively designed and whether the latch failure caused the accident were not reliable, and the district court did not abuse its discretion in excluding his testimony.

The district court did not address the opinion of the Vandivers' expert, Dr. Fisk, in its original opinion or in its order denying the Vandivers' motion for reconsideration; consequently, the Vandivers argue that the district court abused its discretion in not considering Dr. Fisk's opinion. We disagree. Under Mississippi law, "the failure to warn must be the proximate cause of the injuries suffered or it is irrelevant." *3M Co.*, 895 So.2d at 166. Dr. Fisk offered his conclusory opinion that the failure to warn caused the accident; however, he acknowledged that testing would be required to determine the effectiveness of his proposed warnings and that he had not done such testing. Accordingly, his opinion as to the causal connection between the accident and the failure to warn was unreliable and the district court's apparent refusal to consider it was not an abuse of discretion.

The district court granted summary judgment to Ohio River Co., concluding that the Vandivers could not show that Mr. Vanidver's injuries were caused by any flaw or defect in the latches. We agree. Summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). Aside from the testimony of their experts, the Vandivers have offered no proof that the barge was defectively designed or that Mr. Vandiver's injuries were caused by Ohio River Co.'s failure to warn; accordingly, the district court properly granted summary judgment to Ohio River Co. on those claims. We do not consider whether the district court properly granted summary judgment on the Vandivers' negligence claim because they failed to brief that issue to this court; therefore it is waived. *Matassarin v. Lynch*, 174 F.3d 549, 570 (5th Cir. 1999). For the foregoing reasons, we AFFIRM the district court's grant of summary judgment to Ohio River Co.

5